IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MUAMAR A. SAYYED, #01524927 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv9 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Muamar A. Sayyed filed the above-styled and numbered *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

Petitioner is complaining about his Collin County conviction for theft of property more than $20,000, but less than $100,000, Cause Number 380-82405-07. A jury found him guilty, and on August 1, 2008, he was sentenced to fifteen (15) years' imprisonment. The Fifth Court of Appeals affirmed his conviction on September 10, 2009, 05-08-01198-CR. The Texas Court of Criminal Appeals (CCA) refused his petition for discretionary review on February 10, 2010, PD-1395-09. The United States Supreme Court denied his writ of certiorari on October 4, 2010. On July 9, 2010, Petitioner's state writ for habeas corpus relief was also denied by the Court of Criminal Appeals. On March 23, 2010, Petitioner filed a federal petition for writ of habeas corpus, which was dismissed with prejudice on September 6, 2010, Cause Number 4:10cv148. He also filed another federal petition for writ of habeas corpus, which was dismissed as successive on November 1, 2011.

Petitioner filed the present petition on December 21, 2011.

Successive Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. See 28 U.S.C. § 2244(b). Under Fifth Circuit precedent, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 325 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[1] A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487, 120 S. Ct. 1595, 1605, 146 L. Ed.2d 542 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies). To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review.

In this case, Petitioner's previous petition was not dismissed because of prematurity. Under *Crone* and *Orozco-Ramirez*, Petitioner was required to present all available claims in his first federal petition. "The requirement that all available claims be presented in a prisoner's first habeas petition

---

[1] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. "The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

For these reasons, this Court does not have subject matter jurisdiction to consider Petitioner's petition unless he has received permission from the Fifth Circuit. Petitioner may not file a successive petition in this Court without the permission of the Fifth Circuit. 28 U.S.C. § 2244(3)(A). He has not shown that he received permission from the Fifth Circuit to file the present petition. The proposed petition should thus be dismissed unless Petitioner shows within fourteen days from the receipt of this Report and Recommendation that he received permission from the Fifth Circuit to file this new successive petition. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997).

## Recommendation

It is recommended that the petition for writ of habeas corpus be dismissed without prejudice as successive.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79

F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 21st day of February, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE