IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MUAMAR A. SAYYED, #01524927 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv9 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Muamar A. Sayyed, a former Texas prison inmate, proceeding *pro se*, filed a motion for reconsideration (docket entry #17) in this case. To succeed on a motion for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). A Rule 59 motion should not be used to rehash evidence, legal theories, or arguments that could have been raised or were raised before entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Petitioner asserts that he is entitled to relief because his prior habeas proceeding (Cause Number 4:11cv229) was dismissed without prejudice for failure to exhaust, yet the present case was dismissed as successive. He states that he has now exhausted his state court remedies, and asks the

1

court to reconsider and reinstate his petition.

Under Fifth Circuit precedent, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 325 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[1] A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487, 120 S. Ct. 1595, 1605, 146 L. Ed.2d 542 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies). To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review.

A review of the three relevant cases filed by Petitioner shows that in his first habeas petition, Cause Number 4:10cv148, the case was dismissed with prejudice. In that case, Petitioner's petition was not dismissed because of prematurity. It was dismissed with prejudice because the issues he raised were without merit. Under *Crone* and *Orozco-Ramirez*, Petitioner was required at that time to present all available claims in his first federal petition. "The requirement that all available claims

---

[1] Although the Court of Appeals for the Fifth Circuit decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

2

be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle." *Orozco-Ramirez*, 211 F.3d at 870. "The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Id.* at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

In Petitioner's second federal habeas proceeding, Cause Number 4:11cv229, the court improvidently dismissed the case based on Petitioner's failure to exhaust state remedies on the issues raised. As noted above, however, Petitioner should have brought all claims in his first habeas petition. Accordingly, in his third federal habeas proceeding (the present case), Cause Number 4:12cv9, the petition was properly dismissed as successive. For these reasons, this court did not have subject matter jurisdiction to consider Petitioner's petition unless he first received permission from the Fifth Circuit. Petitioner may not file a successive petition in this court without the permission of the Fifth Circuit. 28 U.S.C. § 2244(3)(A). He has not shown that he received permission from the Fifth Circuit to file the present petition. If he obtains permission from the Fifth Circuit, he may file a successive petition for this court's consideration.

In sum, Petitioner does not provide the court with any grounds to alter or amend the judgment. He has failed to clearly establish either a manifest error of law or fact or newly discovered evidence. *Ross*, 426 F.3d at 763. His opportunity to bring all of his complaints was available to him in his first federal habeas petition, Cause Number 4:10cv148. To raise additional claims, he must first obtain permission from the Court of Appeals for the Fifth Circuit to file a successive petition. Therefore, in the absence of any new arguments or evidence that could not have been raised in

3

Petitioner's first proceeding, the court denies Petitioner's motion for reconsideration as he has failed to state any grounds sufficient to reopen or revisit the case. Fed. R. Civ. P. 59(a). It is accordingly

**ORDERED** that Petitioner's motion for reconsideration (docket entry #17) is **DENIED**.

**SIGNED this the 11th day of September, 2013.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE